Matthew S. Wolf, Esquire
Hercules Pappas, Esquire
Pappas & Wolf, LLC
423 White Horse Pike
Haddon Heights, NJ 08035
TEL:   (856) 222-9991
FAX:   (856) 222-9994
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :   CIVIL ACTION
JOHN DOE, individually and on behalf of :
JANE DOE, a minor child, all fictitious :
names,                                  :   NO.:  1:10-cv-01338-NLH-AMD
                                        :
        Plaintiffs,                     :
                                        :   VERIFIED AMENDED
vs.                                     :   COMPLAINT
                                        :   (JURY TRIAL)
LEFTERIS BANOS, MICHAEL WILSON,         :
ALAN FEGLEY, HADDONFIELD                :
BOARD OF EDUCATION, AND JOHN            :
DOES (1-10) (FICTITIOUS                 :
DEFENDANTS)                             :
                                        :
        Defendants.                     :
_____  :

Plaintiffs John Doe, individually and on behalf of Jane Doe, a minor child, through the undersigned counsel, by way of Complaint against the Defendants, do hereby allege and aver as follows:

**Nature of the Action**

1. This action is brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 arising out of the violation of rights guaranteed by the First, Fourth, Fifth, Thirteenth and Fourteenth Amendments of the United States Constitution.

## Jurisdiction and Venue

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## Parties

4. Plaintiff Jane Doe is a 15 year old minor residing with her parents, John and June Doe, in the Borough of Haddonfield, County of Camden, State of New Jersey, who is a sophomore attending the Haddonfield Memorial High School, a public school in the Borough of Haddonfield.

5. Defendant Lefteris Banos is the athletic director of the Haddonfield Memorial High School with offices at 401 Kings Highway East, Haddonfield, NJ 08033.

6. Defendant Michael Wilson is the principal of the Haddonfield Memorial High School with offices at 401 Kings Highway East, Haddonfield, NJ 08033.

7. Defendant Alan Fegley is the superintendent of the Haddonfield School District with offices at 1 Lincoln Avenue, Haddonfield, NJ 08033.

8. Haddonfield Board of Education ("the School Board") is a body politic organized and existing under Title 18 of the New Jersey Statutes which is responsible for the operation and policies of the public schools within the Borough of Haddonfield, including but not limited to, the Haddonfield Memorial High School with offices at 1 Lincoln Avenue, Haddonfield, NJ 08033.

9. John Does one through ten are fictitious defendants whose identities are not currently known but are the persons within the Haddonfield School District who exercised decisional authority over the decision to prevent Jane Doe from playing lacrosse for Haddonfield Memorial High School as described below.

**Background**

10. Plaintiffs John Doe and Jane Doe herein are the same Plaintiffs in the matter of Jane Doe, et al. vs. Haddonfield Board of Education, Superior Court of New Jersey, Docket Number C-178-09, which is now currently before the Commissioner of Education of New Jersey. See Amended Complaint attached as **Exhibit A**.

11. In that matter, Plaintiffs challenged the constitutionality, legality and enforceability of the Haddonfield Board of Education's 24/7 alcohol and drug policy.

12. Recently, Jane Doe sought to play lacrosse as an extracurricular activity at the Haddonfield Memorial High School. Her father, John Doe, signed a permission form for her to participate, but crossed out language which purported to validate the enforceability of the 24/7 policy.

13. The defendants refused to accept the permission form as edited and required John Doe to submit a permission form without any edits.

14. John Doe complied but stated his opinion regarding the matter in a cover letter enclosing the unedited permission form. See **Exhibit B**.

15. Plaintiff John Doe expressed his opinion that he signed the permission form under duress.

16. Defendants, through counsel, responded that Plaintiff could not assert that the form was signed under duress. See **Exhibit C**.

17. On Monday, March 8, 2010, defendant Lefteris Banos attended Plaintiff Jane Doe's lacrosse practice. Said defendant had never before attended such a practice in such a manner.

18. On Wednesday, March 10, 2010, defendant Lefteris Banos discussed the matter with Plaintiff John Doe and defendant Banos indicated that since Plaintiff John Doe had not

complied with the requirements set forth in the letter from counsel to the school board (Exhibit C) then Jane Doe would no longer be permitted to play lacrosse. Jane Doe has been prevented from playing lacrosse ever since.

19. On Friday, March 12, 2010, defendant Lefteris Banos confirmed to John Doe via telephone that Jane Doe was barred from playing lacrosse.

## COUNT I
## Violation of the First Amendment

20. Plaintiffs incorporate by reference the preceding paragraphs as though they were set forth herein at length.

21. The First Amendment of the United States Constitution affords citizens the right to free speech, including the expression of opinions.

22. By virtue of the Fourteenth Amendment to the United States Constitution, the First Amendment applies to the actions of the local school district and school district officials.

23. All Defendants, through their actions in preventing Jane Doe from participating in extracurricular activities on account of what her father asserted in a letter to the school accompanying an unedited permission form, violated Plaintiff John Doe's right to freedom of speech and expression guaranteed under the First Amendment of the United States Constitution.

24. Plaintiff had the absolute right to assert that he was signing the permission form under duress.

25. Defendants cannot dictate what the Plaintiff John Doe wishes to express regrading the Haddonfield 24/7 policy, i.e., that he signed the permission form under duress.

26. Said conduct will have a chilling effect on any person who wishes to express a negative opinion regarding the policies, practices and procedures of the defendants, all public employees.

27. The actions of the Defendants described herein were taken under color of state law in direct violation of Plaintiff John Doe's constitutional rights, and are therefore actionable under 42 U.S.C. § 1983.

28. Because of the actions of Plaintiff John Doe has suffered direct and immediate violation of fundamental rights guaranteed by the United States Constitution and is therefore entitled to injunctive and declaratory relief, as well as damages, pursuant to Federal Rules of Civil Procedure Rules 57 and 65, and 28 U.S.C. § 2201, to redress, remedy, and prevent future violations of their rights and the rights of others.

## COUNT II
### Pendent State Claim
### Negligence

29. Plaintiffs incorporate by reference the preceding paragraphs as though they were set forth herein at length.

30. Defendants' conduct described above, whereby the defendants have prevented a 15 year old girl from playing lacrosse for her school because her father expressed his opinion regarding a matter which was the subject of a dispute between the parties, is egregious, retaliatory and unconscionable.

31. Defendants owed a duty of care to the Plaintiffs.

32. Defendants breached that duty of care.

33. As a consequence, Plaintiffs have been damaged.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiffs seeks Judgment against Defendants for:

a. Compensatory damages;

b. Punitive damages;

c. Counsel fees and Costs pursuant to 42 U.S.C. § 3988;

d. Interest both prejudgment and post-judgment;

e. A declaration that the actions of the Defendants were and are unconstitutional, illegal, void, and that the same were in contravention of Plaintiffs' constitutional rights;

f. Temporary, Preliminary and Permanent equitable relief in the form of restraints, restraining defendants from:

   i. violating Plaintiffs' First Amendment rights;

   ii. retaliating against Plaintiffs on account of their exercise of First Amendment rights; and,

   iii. preventing Jane Doe from being able to participate in extracurricular activities.

g. Granting such other relief as the court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all claims to triable.

**Respectfully,**

PAPPAS & WOLF, LLC                    PAPPAS & WOLF, LLC
Attorneys for Plaintiffs              Attorneys for Plaintiffs


s/ Matthew S. Wolf                    s/ Hercules Pappas
Matthew S. Wolf, Esquire              Hercules Pappas, Esquire
423 White Horse Pike                  423 White Horse Pike
Haddon Heights, NJ  08035             Haddon Heights, NJ  08035
TEL:   (856) 222-9991                 TEL:   (856) 222-9991
FAX:   (856) 222-9994                 FAX:   (856) 222-9994
matthew.wolf@pappaswolf.com           hercules.pappas@pappaswolf.com


March 15, 2010                        March 15, 2010

## VERIFICATION

I, John Doe, the Plaintiff herein, hereby verify the foregoing facts under penalty of perjury on my own behalf and on behalf of Jane Doe, a minor child.

_____
John Doe
March 15, 2010